IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02178-BNB

TARICO ROCKETTE, SR.,

    Plaintiff,

v.

RAMIREZ, Lt.,
ANGEL MEDINA, Warden, and
RICK RAEMISCH, Executi[ve] Director (CDOC),

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Tarico Rockette, Sr., is in the custody of the Colorado Department of Corrections at the Correctional Facility in Limon, Colorado. He has filed *pro se* a Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 asserting a deprivation of his constitutional rights. He has been granted leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

    The Court must construe the Complaint liberally because Mr. Rockette is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the complaint and has determined that it is deficient. For the reasons discussed below, Mr. Rockette will be ordered to file an amended complaint.

    Mr. Rockette alleges the following facts in the Complaint (ECF No. 1):

    On Jan. 14th 2013 I was assaulted by Lt. Ramirez. . . . Lt. Ramirez told

>   me I need to turn down my T.V.  I did as told.  Later that night she pulled me out for the same incident.  I told her I heard her the first time when she was yelling in the pod. At this time the incident was done and over with. Mrs. Ramirez became extremely disrespectful and aggressive.  When I didn't feed into her negativity she told me to turn around to be handcuffed. When I put my hands around my back to be cuffed, instead of cuffing me up she told me to go outside and place my hands on the pop machine to be shake-down [sic].  When she snatched my beanie off my head, she pulled my hair, snatching my neck back giving me whip-blash [sic].  When we went back into the unit vestibule, she threw my beanie in my face in a[n] assaultive manner.

(ECF No. 1, at 4).  Mr. Rockette further alleges that he suffered a neck injury and continuing neck pain for which he is taking pain medication.  The Court construes Plaintiff's allegations liberally to assert a claim of unlawful excessive force, in violation of the Eighth Amendment.  He also brings a state law tort claim.  Mr. Rockette seeks monetary relief.

The Complaint is deficient because Mr. Rockette fails to allege the personal participation of each named Defendant in a violation of his constitutional rights. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).  A supervisor defendant, such as Warden Medina

or CDOC Executive Director Raemisch, may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Accordingly, it is

ORDERED that Plaintiff, Tarico Rockette, Sr., file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that Mr. Rockette shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Rockette fails to file an amended complaint that complies with this order within the time allowed, some or all of this action may be dismissed without further notice.

DATED August 12, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge