IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-02178-RBJ-MJW

TARICO ROCKETTE SR.,

    Plaintiff,

v.

RAMIREZ, Lt.,

    Defendant.

---

## ORDER

---

This case comes before the Court on the defendant's Motion to Dismiss Amended Complaint [ECF No. 35]. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331. For the following reasons the motion is granted.

## BACKGROUND

This case is brought by Tarico Rockette, Sr., an inmate currently housed at the Limon Correctional Facility of the Colorado Department of Corrections. The events giving rise to this lawsuit, however, occurred while Mr. Rockette was incarcerated at the Fremont Correctional Facility, also in Colorado. For purposes of this motion, the Court takes as true all well-pleaded allegations made on the face of the Complaint.

On January 14, 2013 Mr. Rockette was watching television in his pod, a housing unit in the prison. The defendant, Lieutenant Ramirez, told Mr. Rockette to turn down the volume, which he claims he did. Later that night Lt. Ramirez pulled Mr. Rockette out of his cell because

1

of the loud volume, at which point she "became extremely disrespectful and aggressive." Amended Complaint [ECF No. 7] at 4.[1]  Mr. Rockette alleges that when he didn't "feed into her negativity she told me to turn around to be handcuffed." *Id.*  However, instead of cuffing him Lt. Ramirez ordered Mr. Rockette to go outside and place his hands on a vending machine "to be shake-down." *Id.*  Lt. Ramirez then "snatched" Mr. Rockette's beanie off of his head, pulling his hair and snapping his neck backwards, allegedly giving him whiplash. *Id.*  At this point the two returned to Mr. Rockette's pod, and Lt. Ramirez "threw my beanie in my face in an assaultive manner." *Id.* at 5.

Mr. Rockette claims that he has suffered injuries as a result of Lt. Ramirez's conduct. In particular he alleges that he has been taking pain killers related to his beanie being snatched from his head, presumably for the neck pain. *Id.* at 8, 10. He adds that he had x-rays taken of his neck but gives no indication as to what injuries, if any, were established by them. *See id.* Mr. Rockette brings two claims for relief under 42 U.S.C. § 1983, asserting violations of his equal protection and due process rights. The defendant moves to dismiss all claims against her pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## STANDARD OF REVIEW

Rule 12(b)(1) concerns whether the Court has jurisdiction to hear the case before it. "Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). "Jurisdiction is a threshold question that a federal court must address before reaching the merits of a statutory question, even if the merits question is more easily resolved and the party prevailing on the

---

[1] Because Mr. Rockette's complaint is not consecutively paginated, the Court refers to the page numbers assigned by the Court's electronic case filing system.

merits would be the same as the party that would prevail if jurisdiction were denied." *Id.* "[S]tatutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction." *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya*, 296 F.3d at 955 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Subject matter jurisdiction may be challenged by a party or raised *sua sponte* by the Court at any point in the proceeding. Fed. R. Civ. P. 12(h)(3); *Harris v. Illinois-California Exp., Inc.*, 687 F.2d 1361, 1366 (10th Cir. 1982).

In reviewing a 12(b)(6) motion to dismiss, the Court must accept the well-pleaded allegations of the complaint as true and construe them in the plaintiff's favor. However, the facts alleged must be enough to state a claim for relief that is plausible, not merely speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Allegations that are purely conclusory need not be assumed to be true. *Id.* at 681. However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. *See, e.g.*, *Twombly*, 550 U.S. at 556; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

To plead a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that the defendant, acting under color of state law, deprived him of a right secured by the United States Constitution or its laws. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). "A defendant may not be held liable under § 1983 unless he or she subjected a citizen to the

deprivation, or caused a citizen to be subjected to the deprivation." *Lippoldt v. Cole*, 468 F.3d 1204, 1219 (10th Cir. 2006) (alterations and citation omitted).

Because Mr. Rockette is appearing *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). However, the Court may not act as the advocate of the *pro se* litigant, nor should it "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

## ANALYSIS

### I. SUBJECT MATTER JURISDICTION

Lt. Ramirez argues that any claims asserted against her in her official capacity are barred by the Eleventh Amendment. The Court agrees. The Eleventh Amendment sovereign immunity doctrine provides that state officials acting in their official capacities cannot be sued for retroactive monetary relief. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102–03, 105–06 (1984). Because Mr. Rockette seeks only monetary (and not injunctive) relief, the Court lacks jurisdiction to hear any claim against Lt. Ramirez in her official capacity.

### II. SUFFICIENT PLEADING

The defendant contends that insofar as she is sued in her individual capacity Mr. Rockette fails to state a claim upon which relief can be granted. The Court agrees for the reasons set forth below.

A. **Equal Protection.**

"The equal protection clause is triggered when the government treats someone differently than another who is similarly situated." *Buckley Const., Inc. v. Shawnee Civic & Cultural Dev. Auth.*, 933 F.2d 853, 859 (10th Cir. 1991). "In order to assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them." *Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998).

Mr. Rockette claims that his right of safety was violated by Lt. Ramirez and that as a result he was denied his right to equal protection under the law. Amended Complaint at 8. However, Mr. Rockette fails to allege that he was treated differently from his fellow inmates. In his response brief he claims that Lt. Ramirez's actions standing alone show that he was treated differently from others, that the assault itself establishes differential treatment. The Court disagrees. In order to make out an equal protection claim it is essential that the plaintiff plead that there were others similarly situated – in this case perhaps other inmates who played their televisions at high volumes – who were treated differently than the plaintiff. No such allegations are found on the face of the complaint. This claim must therefore be dismissed.

B. **Due Process.**

The Due Process Clause of the Fourteenth Amendment protects against state deprivations of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. To assert a due process violation, a plaintiff must show that he possessed a protected interest under the Due Process Clause and that he was not afforded an appropriate level of process before being deprived of that interest. *See Farthing v. City of Shawnee, Kan.*, 39 F.3d 1131, 1135 (10th Cir. 1994). Typically the Court would begin by determining whether the plaintiff sufficiently pled a

deprivation of a constitutionally protected interest.  However, the defendant puts forward no argument in support of dismissal on this ground, instead simply stating that the plaintiff "does not assert a liberty interest that would give rise to a procedural due process claim." [ECF No. 35 at 6].[2]  That is not enough.  The Court therefore moves along to the second question, whether Mr. Rockette was afforded an appropriate level of process.  Because it is unclear whether Mr. Rockette asserts a procedural or substantive due process claim, the Court analyzes his cause of action under both legal frameworks.

1. Procedural Due Process

The Court reads Mr. Rockette's complaint as alleging that Lt. Ramirez took an unauthorized and intentional action against him resulting in a deprivation of his constitutionally protected liberty rights.  In such a case there are no pre-deprivation procedures available before being subjected to the unconstitutional conduct.  However, that does not mean that Mr. Rockette was denied due process under the law.  "[D]ue process [does] not require predeprivation hearings where there is a need for quick action or where the deprivation is the result of a random and unauthorized act."  *Urban v. Tularosa*, 161 F.3d 19, at *6 (10th Cir. 1998) (unpublished).  In such cases the question becomes whether a meaningful post-deprivation remedy for the loss is available under state law.  *See id*; *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).[3]  The Court finds that there was.

---

[2] Furthermore, the defendant's reliance on *Hewitt v. Helms*, 459 U.S. 460 (1983), is misplaced.  *See Sandin v. Conner*, 515 U.S. 472 (1995) (receding from the reasoning followed in *Hewitt*).

[3] Though many cases concern unauthorized and intentional deprivations of property the same analysis applies to liberty interests.  *See Zinermon v. Burch*, 494 U.S. 113, 136 (1990) (analyzing an alleged deprivation of liberty by first considering whether the deprivation was unpredictable such that only post-deprivation remedies were available).

Mr. Rockette could have followed the requirements of the Colorado Governmental Immunity Act and filed a state tort action against Lt. Ramirez. There is no indication that he has done so. Frankly, as discussed below, it seems that Mr. Rockette is trying to file such a claim in this case. In any event, Mr. Rockette has not alleged that this post-deprivation remedy was unavailable to him. Therefore, insofar as he makes out a procedural due process claim it must be dismissed for failure to state a claim upon which relief can be granted.

2. Substantive Due Process

"Substantive due process protects fundamental liberty interests and protects against the exercise of government authority that 'shocks the conscience.'" *Koessel v. Sublette Cnty. Sheriff's Dep't*, 717 F.3d 736, 749 (10th Cir. 2013) (quoting *Seegmiller v. LaVerkin City*, 528 F.3d 762, 767 (10th Cir. 2008)). "Substantive due process prohibits 'only the most egregious official conduct.'" *Id.* at 750 (quoting *Seegmiller*, 528 F.3d at 767). "Even most intentionally inflicted injuries caused by misuse of government authority will not meet this standard." *Id.* (citations omitted). The Court finds that while Mr. Rockette has alleged an injury intentionally inflicted by a misuse of government authority, the claims put forward in his complaint do not shock the conscience. Therefore, insofar as Mr. Rockette makes out a substantive due process claim it is hereby dismissed.

**C. Additional Claims.**

Mr. Rockette does not explicitly state a cause of action alleging violations of his rights under the Eighth Amendment or under state tort law. However, in the request for relief Mr. Rockette writes: "The physical abuse of myself by defendant Lt. Ramirez violated my rights

7

under the Eighth Amendment to the United States Constitution, and constituted an assault and battery under state law." Amended Complaint at 13.

Giving Mr. Rockette as an unrepresented litigant the full benefit of liberal construction of his pleadings, the Court could construe the request in the *ad damnum* section as an effort to assert two additional claims. The Court does not. However, even if it did, the Court is not persuaded. First, "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992) (citations omitted). In this Court's judgment, accepting the plaintiff's allegations as true, this was a relatively *de minimis* use of force. The Eighth Amendment is, and should be, reserved for serious inflictions of cruel and unusual punishment on inmates. Second, with respect to the state tort claim, the Court agrees with the defendant that such a claim would have been time barred by the time this action was filed.

The Court has assumed the truth of Mr. Rockette's factual pleadings for purposes of this motion. Whether his description of the incident is in fact entirely correct is beyond my knowledge. If it were entirely correct, then it would seem that the officer might have overreacted somewhat. And, if so, Mr. Rockette's frustration would be understandable. But not all wrongdoings by state officials rise to the level of constitutional violations.

## ORDER

For the following reasons the defendant's Motion to Dismiss Amended Complaint [ECF No. 35] is GRANTED. The Court, however, declines to award costs pursuant to its powers under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 27th day of January, 2015.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge

9